STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
ANTHONY BALDINOTTI, PLAINTIFF IN ERROR.

Submitted May 6, 1941—Decided July 30, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
HEHER.

For the defendant in error, *William A. Wachenfeld,* prosecutor of the pleas, and *Joseph E. Conlon,* first assistant prosecutor.

For the plaintiff in error, *Harold Simandl.*

BROGAN, CHIEF JUSTICE. The indictment upon which plaintiff in error stands convicted charged that on November 26th, 1940, Baldinotti "was the holder of a sum of money betted, staked and wagered upon the results of a running race of horses, * * * thereafter to be run," &c. He entered a plea of non-vult but before sentence, motion in arrest of judgment was made upon the ground "that the indictment fails to allege an offense under the laws of the State of New Jersey." The motion was denied, sentence was imposed, and the question raised by this strict writ of error is whether the motion so made in arrest of judgment should have been granted.

The argument for the plaintiff in error is that the statute making "stakeholding" a misdemeanor (*R. S.* 2:135-7) was expressly repealed by the legislature on November 13th, 1940 (*Cf. Pamph. L.* 1940, *ch.* 207); and this being so, the performance of plaintiff in error as such stakeholder of money wagered on horse racing became an act with which the law no longer was concerned. The state concedes that *R. S.* 2:135-5 to 2:135-9, inclusive, was expressly repealed by the 1940 statute, *supra,* before the date on which the indictment charged the plaintiff in error with "stakeholding" but claims that the repealing act is unconstitutional. The theory of this argument is that the repealer of 1940 is in conflict with the provisions of our Constitution (article 4, section 7, paragraph 2) wherein it is ordained: "* * * nor shall pool-selling, book-making or gambling of any kind be authorized or allowed within this state, nor shall any gambling device, practice or game of chance now prohibited by law be legalized, or the remedy, penalty or punishment now provided therefor be in any way diminished." The argument of the state's attorney is that the act of holding "a sum of money, * * * wagered upon the results of a running race of horses," &c., for which plaintiff in error suffered conviction, partook of at least one element or essential of that "gambling" which is within the interdict of the constitutional amendment of 1897; that legalizing such conduct or diminishing the penalty resulting are matters beyond legislative control and that the so-called "repealer" is without legal efficacy. The last amendment to the Constitution which legalized "pari-mutuel betting on the results of a race of horses only (*Pamph. L.* 1939, *p.* 1062, Proclamation)" produces no change in the 1897 amendment, *supra,* that is pertinent to the present issue. Assuming, as we must for the purpose of this discussion, that the plaintiff in error was, on the date mentioned in the indictment, a stakeholder, the question is whether that act, formerly a misdemeanor by statute, partook of or was comprehended by the designated offenses enjoined by the constitutional amendment, *supra,* which thereafter might not be legalized by statute or the penalty or punishment then written into the law in any way diminished. We are clearly of the

view that it was not. The holder of a wager is not engaged in pool-selling or book-making or gambling as such. Our Constitution is a limitation not a grant of legislative power. And the limitation should be strictly construed. That which the legislature may not do, because it is prohibited by the Constitution, must be definite and precisely stated and may not be broadened or extended by implication or by reading into the limitation itself something that is not clearly set forth therein. The principles discussed and the logic of the opinion of Mr. Justice Heher for our court of last resort in *State* v. *Murzda,* 116 *N. J. L.* 219, are singularly appropriate. There it was held the possession of lottery tickets, used in gambling, is an act with which the legislature might deal, that it was as such, outside the pale of the limitation concerning gambling, &c., written into the Constitution by the 1897 amendment and might be classed as disorderly conduct by the law making body. So, too, the repealing act of 1940, *supra,* was one that the legislature was competent to enact—it was not such as was proscribed by our fundamental law. It neither approves gambling nor did it take away any punishment existent, when the constitutional amendment, *supra,* was adopted, against any "gambling device * * * practice * * * game of chance, * * *." The 1940 statute is therefore constitutional. And the holding of a stake after November 13th, 1940, there being no law prohibiting such action, was not unlawful.

The plaintiff in error further argues that the indictment failed to charge the plaintiff in error with stakeholding within the intendment of the statute. As to this, compare State *v.* Dudley and Lloyd, decided this term. But we shall not pursue this further. In view of our determination of the main question, this last question requires neither consideration nor discussion.

The judgment of conviction should be reversed.